## STEAMBOAT BLUE RIDGE vs. STEAMBOAT TIME.

1. A complaint against a steamboat alleged that "Richard Robertson complains that James A. Payne, owner of the steamboat Blue Ridge, has a demand against the steamboat Time, on account of the wrong doing of John H. Baldwin, the master thereof," &c., setting out the destruction of a yawl, is insufficient. The suit can only be brought in the name of the person injured.

2. The warrant of the justice set out that "Payne complains that the steamboat Blue Ridge has a demand against the steamboat Time"—it contradicted the complaint and shewed no right of acton in Payne.

3. A steamboat can not under the statute sue for an injury done to her.

## ERROR to St. Louis Circuit Court.

GOODE & CORNICK, for Appellant.

### POINTS AND AUTHORITIES.

1. The complaint was sufficient and legal. See session acts 1839, p. 13; Dig. 1835, p. 103, § 4.

2. The warrant was defective, but the defendant forfeited all right to take advantage of such defect. See sess. acts 1840-'41, p. 103, § 8 and § 9.

3. Nor could such defect in the warrant have been fatal in any event. See Sherman vs. The Proprietors of the Connecticut River Bridge, 11 Mass. 357.

4. The motion on behalf of the defendant steamboat Time, before the justice, to set aside the judgment by default, and before the circuit court to quash and dismiss, were not according to the statute. (See Dig. 1835, p. 103, §7,) and were void. A motion by a defendant St. Boat, is a proceeding unknown to Admiralty, or Missouri Statute law.

McBRIDE, J., delivered the opinion of the court.

This was a proceeding under the statute, commenced by filing a complaint before a justice of the peace in St. Louis county, when the defendant having made default, a judgment was rendered by the justice in favor of the plaintiff; the defendant appeared within ten days, and moved the justice to set aside the judgment by default, which he over-whereupon the defendant appealed to the circuit court.

In the circuit court the defendant moved the court to quash the writ ruled, for the following causes:

1. The complaint in the above cause is defective and void.

2. The writ is defective and void.

3. There is no complaint filed in the cause as is set forth in the writ.

4. The proceedings are defective, erroneous and void.

The motion was sustained and the writ quashed, to which the plaintiff excepted and appealed to this court.

First. Is the complaint defective and void? It sets forth that "Richard Robertson complains that James A. Payne, owner of the steamboat Blue Ridge, has a demand against the steamboat Time, on account of the wrong doing of John H. Baldwin, the master thereof," &c., which is signed and sworn to by Robertson.

The statute provides that boats and vessels used in navigating the waters of this State, shall be liable for all injury done to persons or property by such boat or vessel; and that suit may be instituted against them by name, for any such injury, by filing a complaint setting forth the plaintiff's demand in all its particulars, and on whose account the same accrued; the complaint to be verified by the affidavit of the plaintiff, or some credible person for him, and shall stand in lieu of a declaration. R. C. 102, and sess. Acts 1838-'9, 13.

The injury complained of is the destruction of a yawl, said to be the property of James A. Payne, by John H. Baldwin, the captain of the "Time." Payne being the individual aggrieved, might waive his right of action, and will be presumed to have done so until a complaint is made in his name. There is nothing in the papers or proceedings in the cause, showing what relation Richard Robertson bears to the parties, or the subject matter in controversy, and he may perhaps very honestly conclude, from his imperfect knowledge of the occurrence, that Payne has been aggrieved by the conduct of the captain of the "Time," whilst Payne, who may perhaps be better informed, may entertain a different opinion. If Payne do not complain, the complaint of no other person is sufficient to authorize the bringing of this action

When the complaint is made *in the name* of the party aggrieved, then it is sufficient if the facts set out, are sworn to be true by some credible person.

If this point were susceptible of doubt, that doubt would be at once removed by a reference to the third section of the act, heretofore referred to, which declares *"that any plaintiff* wishing to institute suit against a boat or vessel, *shall file his complaint* against such boat or vessel, by name, with the clerk," &c. The *plaintiff shall file his complaint*, which we have seen is to stand in the place of a declaration. If a declaration drawn as this complaint, were submitted to a court, there can be no doubt but it would be held to be defective.

We are by no means disposed to require the observance of much technicality in drawing those complaints, being willing whenever they are intelligible and have substance, to sustain them; but when so defective as the one under consideration, we think they should not be received as the basis of any judicial proceeding.

The warrant issued by the justice of the peace in this case, recites that James A. Payne made his complaint, &c., setting forth that the steamboat Blue Ridge has a demand against the steamboat Time, amounting, &c., and for the particulars of the complaint refers to the statement of Robertson heretofore noticed.

We have seen by the complaint filed, and upon which this warrant issued, that Robertson complained that Payne had a demand against the steamboat Time; and now the warrant recites that Payne complains that the steamboat Blue Ridge has a demand against the steamboat Time, whilst the fact appears to be, that the complaint was made by Robertson, and in his own name. The writ then contradicts the complaint, and shows no cause of action on the part of Payne against the steamboat Time.

But an effort is made to sustain the proceedings, upon the ground that it is one steamboat suing another, and such appears to be the opinion of the justice of the peace, who so entitles the cause in all of his subsequent proceedings. The counsel for the plaintiff say, "for in many cases a steamboat is permitted by the laws of this State to be plaintiff." This we apprehend is an error.

The right to sue a steamboat by name, is derived from the statute, and was suggested doubtless by difficulties which frequently arose in ascertaining who were the owners of the boat, and liable for supplies, repairs, &c., furnished the boat; and after the owners were ascertained, they might be non-residents, and unless they could be reached by an attachment against their property, if found within our jurisdiction, our

citizens would be remediless.   So, whilst there is some necessity for permitting a boat to sue in its own name, its right to do so is given likewise by statute, and is not so general as the liability of being sued, being confined to actions "for freights, money advanced, and all other necessary charges and expenses incurred by and due to such boat, or vessel, in receiving, transporting and shipping of merchandise, produce and other articles transported on board of such boat or vessel."   Sess. Acts 1838-'9 p. 13.

The foregoing authority to sue, is not comprehensive enough to authorize the boat to sue in its own name for an injury done to property. The action should, as well as the complaint, have been in the name of James A. Payne, the owner of the steamboat Blue Ridge, whose yawl was destroyed by the act of the steamboat Time, or its officers.   It is not deemed necessary further to examine the reasons for quashing the writ and dismissing the cause.   We are of opinion that the circuit court committed no error in sustaining the defendant's motion to quash.

The other Judges concurring herein, the judgment of the circuit court is affirmed.