The State to the use of Stewart, *Appellant*, v. Matlock *et al.*

1. **Judicial Discretion**: FILING PLEADINGS OUT OF TIME. A trial court does not abuse its judicial discretion in permitting an answer to be filed nine days after the case is set for trial, but before default is entered and upon affidavit showing cause for the delay.

2. **Change of Venue**: PLAINTIFF'S APPLICATION, TIME FOR MAKING. A plaintiff who asks for a change of venue because of the alleged undue influence of the defendant over the mind of the trial judge, must make his application therefor as soon as practicable, after receiving information of the undue influence complained of. Whether the application is so made within proper time, is a question resting in the sound discretion of the trial judge.

*Appeal from Randolph Circuit Court.*—Hon. G. H. Burckhartt, Judge.

Affirmed.

*J. R. Christian* for appellant.

The court should not have permitted the defendants to file their answer nine days after the case was set for trial. *Squires v. Bird*, 23 Mo. 472. The court also committed error in refusing to allow the change of venue. *Corpenny*

*v. Sedalia*, 57 Mo. 91. The merits on the facts were with the plaintiff.

*Kimbrough & Terrill* for respondent.

The judgment was not against the evidence, but in accordance with it. The application for the change of venue was properly overruled, as it was made out of time. R. S., § 3731.

MARTIN, C.—This is an action on the bond of a sheriff, which assigns for breach thereof his refusal to offset an execution and fee bill in favor of a defendant against whom he held an execution. It seems that John H. Stewart, for whose use this action is prosecuted, recovered a judgment against one Burton, and that Burton recovered a judgment against said Stewart. It is alleged in the petition that executions were issued upon these opposing judgments, and were placed in the hands of defendant, N. G. Matlock, as sheriff; that instead of offsetting the two demands, he collected the execution against plaintiff by levy and sale, and returned the one against Burton unsatisfied. The material facts of the complaint were put in issue by defendants. The case was tried by the court, without the intervention of a jury, and judgment was rendered in favor of defendants, exempting the sheriff from all liability. From this judgment the plaintiff appeals.

I. It is assigned for error that the court permitted the defendants to file their answer nine days after the case was set for trial. This was done before any default had been entered, and upon a showing of cause for the delay in an affidavit. I can see no abuse of its judicial discretion by the court in accepting the pleading at the time it was filed.

II. It is next urged, that the court erred in refusing a change of venue prayed for by plaintiff. The ground of the application was alleged to be an undue influence of defendants over the mind of the trial judge. In my judg-

ment, the court committed no reversible error in refusing the application. It was filed on the 28th of July, 1881, in vacation, and states that information of the undue influence had been received by plaintiff at the last term of the court. On the 23rd of August, 1881, the plaintiff served the defendants with a notice that he would, on the first day of the September term, 1881, present his application to the court. This application was not presented to the court on the first day according to notice, but on the second day of the term. If this application had come from the defendant it would have been clearly out of time under section 3731, R. S. 1879, which assumes to prescribe a limit in time beyond which no application can be made. The statutes do not prescribe any fixed limits within which the plaintiff must present his application. But irrespective of any statute, the law requires that his application be made as soon as practicable after receiving information of the undue influence complained of. He cannot be permitted to oust the court of its jurisdiction, after having voluntarily accepted it, after a knowledge of the undue influence. Whether his application has been made as soon as practicable after such information is received, is a question resting in the sound discretion of the court. And I see no error in the court applying to the plaintiff, in this case, the rule of indulgence which the legislature has prescribed for the defendant. If the plaintiff received his information of the undue influence at the last term of the court, he should have presented his application at that term. In the absence of any fact or circumstance going to excuse him from making it then, the court was clearly justified in refusing his prayer made at the next term. An application at a succeeding term of the court becomes necessary in the regular course of business, only when the information was received in vacation. The filing of the application in the clerk's office was no presentation of it, to either the court or the judge in vacation. Notwithstanding the plaintiff's objection to the judge as

being under the undue influence of defendants, he seems to have waived a jury and accepted him as a trier of the facts of his case.

III.   It seems from the record the case was disposed of on an issue of fact, the court finding from the evidence that two executions were not in the hands of the sheriff at the same time.   This fact if true, certainly relieved the sheriff from obligation as well as the power to offset one against the other.   R. S. 1879, § 3877.   The evidence on this issue was conflicting, and it was the province of the trial court to hear it, and decide the issue according to its weight and credibility.   It has done this, and its action in that respect is binding upon the appellate court.

No instructions were asked or exceptions saved to the rulings at the trial, and nothing remains for us but to affirm the judgment; and it is so ordered.   All concur.