THE STATE *ex rel.* CATHERINE WARD, Petitioner, v. GEORGE W. LUBKE, Respondent.

St. Louis Court of Appeals, March 1, 1888.

1. VENUE, CHANGE OF, IN ST. LOUIS CITY.—An application for a change of venue from the St. Louis city circuit court must be made to the judge at special term, and not to the general term, unless it is based on prejudice of all the judges.

2. ———— JUDICIAL DISCRETION—APPEAL.—Whether the application for a change of venue is timely, or otherwise, is a question addressed to the sound discretion of the court. If it be claimed that there was an excuse for delay, depending upon particular facts, the exercise of discretion is reviewable on appeal, and not by writ of prohibition.

APPLICATION for a writ of prohibition.

*Demurrer to alternative writ sustained.*

M. KINEALY and JAS. R. KINEALY, for the petitioner: Even if it did appear from the alternative writ that this court could not have appellate jurisdiction of the cause below, this is not a proceeding to prohibit the prosecution of that cause. The Supreme Court has often intimated that, in such cases as the present, the proper course is to first apply to the court of appeals. In the case of *Bennett v. McCaffery*, 28 Mo. App. 220, this court took jurisdiction of the cause, which was an application to the circuit court to compel a justice of the peace to certify a cause up to that court because the title to realty had been put in issue. Even if it did appear from the alternative writ that the cause was not one triable by a jury, it does not appear that it is not one in which an accounting would have to be taken, and, therefore, a referee selected from the inhabitants of the city of St. Louis. The alternative writ shows that this action was commenced on January 20, 1888, and,

therefore, returnable to the February term of the circuit court. The writ further shows that said cause was assigned to Room 1, and no steps taken therein up to the time of this application, except to overrule the first application for a change of venue ; that the plaintiffs in the suit prevented Catherine Ward from doing anything further therein by engaging her in a negotiation for a settlement ; that, as soon as this was broken off, she next morning presented this application for a change of venue. The writ shows that the respondent did consider this application, and overruled it on the ground that it was not presented in time. He must, therefore, have decided that it was properly presented to him. Moreover, a reading of the section of the statute referred to shows that it refers only to cases in which a change of venue from the city of St. Louis is asked on the ground of some objection to two or more of the judges of the circuit court. The application here in question was made in accordance with the act of February 8, 1881, which governs this matter. Session Acts of 1881, pp. 176, 177.

Frank Hicks, for the respondent: This court will not interpose by writs of this character in causes wherein the court of appeals has not appellate jurisdiction. *State v. Seay*, 23 Mo. App. 623. The relator here makes no allegations from which it can even be presumed that the cause in question is one within the jurisdiction of this court. The writ does not disclose that the cause, wherein the application for change of venue was made, was one triable by a jury ; this fact must affirmatively appear, for if the cause was in equity and not for jury trial no change of venue on the ground of undue influence over the inhabitants should have been granted. *Lee v. Smith*, 84 Mo. 304. The law requires that the application be made as soon as practicable after receiving information of the undue influence complained of. A party cannot be permitted to oust the court of jurisdiction after having voluntarily accepted it, after

knowledge of the undue influence. *State ex rel. v. Maylock*, 82 Mo. 455. Whether the application was made as soon as practicable after information was received is a question resting in the sound discretion of the trial court. *State ex rel. v. Maylock, supra.* Section 8 of the laws relating to St. Louis circuit court, as compiled in 2 Revised Statutes, of 1879, p. 1505, makes provision for changes of venue from that court. Doubtless some of the provisions of this section are modified by section 3742 of Revised Statutes, 1879, as amended by the act of February 8, 1881 (Laws of 1881, p. 176), but not with respect to the provision that "every application for change of venue shall be made to said circuit court at general term." This court, with respect to the action of trial courts upon applications for change of venue, and this court and the Supreme Court, with respect to other matters reviewable upon appeal, have declined to interfere by writs of prohibition or *mandamus. Ex parte Chambers*, 10 Mo. App. 240, and cases there cited; *State ex rel. v. Lubke*, 15 Mo. App. 152 ; s. c., 85 Mo. 338; *State ex rel. v. Megown*, 89 Mo. 156 ; *Bowman's case*, 67 Mo. 146.

ROMBAUER, J., delivered the opinion of the court.

An alternative writ was issued in this case stating in substance that certain parties filed their petition against relator in the circuit court of St. Louis city, January 20, 1888, the object of the suit being the foreclosure of a mortgage, and the statement of an account; that the petition was assigned to room 1 of the court, in which the respondent presides as judge; that on the next succeeding Monday (January 22), the relator presented her petition to the judge, in due form, asking a change of venue to some other county, on the ground that the inhabitants of the city of St. Louis were prejudiced against her; that this application was overruled; that, on Tuesday, January 31, the relator filed another petition for change of venue in due form, asking a change of venue to some other circuit judge in the city, on the

ground that the opposite party had an undue influence over the mind of the judge (the respondent), which application was overruled on the ground that it was not made in time.

The writ commands the respondent to desist from further proceedings in said suit or show cause, etc. To this writ the respondent demurs.

The grounds of demurrer are, that the application should have been presented to the court in general term, and not to respondent, and was properly overruled for that reason. Also, that the relator has a complete remedy by appeal, and prohibition will not lie.

The first ground of demurrer is not well taken. Under the statute as it now stands (Acts 1881, pp. 176, 177), applications for change of venue, unless they are based on the ground that all the judges of the court are prejudiced against the applicant, have to be presented to the judge at special term.

The second ground of demurrer is well taken. The relator's petition for a change of venue states that knowledge of such undue influence came to her *about the last part of week before last*, that is, at least as early as January 19. No reason is shown why, on January 22, when she presented her application on the first ground hereinabove stated, she did not present her application on the grounds which she now assigns, and which, at that time, according to her own statement, were fully known to her.

Applications of this character, so far as the question is concerned whether their presentation is timely, are addressed to the sound discretion of the court. *State to use v. Matlock*, 82 Mo. 457. To determine in the first instance its own jurisdiction, so far as the same rests upon contested facts, is the legitimate exercise of the judicial powers of every tribunal, and though it may err in such determination, its so doing is not a usurpation of judicial authority, but error, for which the proper remedy of the party aggrieved is by appeal. *State ex rel. v. Seay*, 23 Mo. App. 630. In the case at

bar, there was either no excuse for the delay, as is fairly inferable from some of the allegations of the writ, and then the action of the court in overruling the application is not only a discretionary exercise, but also a proper exercise of the court's judicial powers, or else there was some excuse for the delay depending upon peculiar facts, and then the action of the court was a discretionary exercise of its powers reviewable on appeal, but not reviewable in this proceeding.

In either view of the case the demurrer must be sustained.

Judge Thompson concurring, the demurrer is sustained. As this disposes of the case, judgment for costs will be entered in favor of respondent.

# CASES DETERMINED

IN THE

# St. Louis and the Kansas City
# COURTS OF APPEALS.

MARCH TERM, 1888.