JOHN S. CANNON, RESPONDENT, v. OTHO L. NIKLES, APPELLANT.—151 S. W. (2d) 472.

Kansas City Court of Appeals. May 26, 1941.

*Fred J. Wolfson* and *Cecil Nelkin* for appellant:

*J. K. Owens* for respondent.

SHAIN, P. J.—This action is before us on review of the action of the trial court in refusing to set aside a default judgment. On the 24th day of October, 1939, the appellant filed a petition in the Independence Division of the Circuit Court of Jackson County, Missouri. Summons was duly issued and served on respondent, returnable to the December, 1939, Term of said court.

Thereafter, respondent duly joined issue by general denial and thereafter, said cause being at issue, it was placed on the trial docket and defendant had knowledge that it was on the trial docket for the week of March 11, 1940, and the cause remained upon the active trial docket from March 11, 1940, until April 1, 1940, when the evidence was heard and default judgment was rendered.

On March 13, 1940, a motion for change of venue was filed in the clerk's office but was not presented to the court at any time between

March 13 and April 1, 1940, and after rendition of the judgment on April 1, 1940, there was no motion for new trial filed in said case.

Thereafter, and on the 18th day of April, 1940, defendant filed a motion to set aside the default judgment.

Thereafter, on the 1st day of June, 1940, same being the 71st day of the regular March, 1940, Term of said court, said defendant's motion to set aside default judgment was by the court overruled, to which action of the court defendant at the time excepted, and still excepts. The appellant on June 1, 1940, filed with the clerk of the court an application and affidavit for appeal.

Appellant's application for appeal shows that same was directed to the default judgment of April 1, 1940, and from the judgment overruling motion to set aside default judgment rendered by the trial court on June 1, 1940. The trial court allowed the appeal on same day application and affidavit was filed.

The appeal as to the judgment of April 1, 1940, is shown by the record to be out of time and presents nothing for us to review. However, the appeal from the action of June 1, 1940, is timely. In our review, we treat the attempted appeal from the judgment of April 1, 1940, as surplusage and direct our review to the action of the trial court in overruling motion to set aside judgment.

Respondent raises the question as to absence of motion for new trial and as to failure of objections and exceptions. Such omissions, of course, are fatal as to appeal from judgment of default of April 1, 1940. However, exception to action of court in overruling motion to set aside are duly shown and motion for new trial on appeal from motion to set aside is not necessary. The respondent cites cases in his brief wherein appeal is taken direct from ruling on motion to set aside.

The appellant makes seven argumentative assignments of error, some of which go to matters involved in the original suit and some go to charging the trial court with want of diligence in not acting as a lackey and following the appellants around and keeping him personally informed as to the daily *status* of the affairs in a busy court.

Suffice it to say, if this case rests alone on the diligence of appellant in looking after his case, the showing in the record is overwhelmingly against him. There is, however, a serious question raised which involves the question, not of jurisdiction but of procedure.

The question of procedure in this case is as to whether or not the trial court was in error in rendering a default judgment when an application for change of venue, in due form, had been filed in the case prior to taking up the case and rendering judgment by default.

A similar question to the one involved herein was before this court in Carpenter v. Alton R. Co., 148 S. W. (2d) 68. In said case the record disclosed that the trial court had actual knowledge of motion

for change of venue having been filed and based upon the fact of *actual* knowledge this court said:

"In this case the court should have ruled the application before proceeding to hear the case.

"The court erred in rendering final judgment against defendant *at a time when there was pending undisposed of an application for change of venue.* It follows that defendant's motion to set aside default judgment should have been sustained." (Italics ours.)

In the case now before us for review, the facts are different in this respect, to-wit: The record herein shows to the effect that the trial judge did not have *actual* knowledge that such motion was on file at the time he rendered the default judgment.

As to matters of procedure, the Carpenter v. Alton R. Co. case, *supra,* presented question of first impression in this State, and as to rule or procedure, in absence of *actual* knowledge as shown by the facts in this case, we are not cited any case and in our research we find no case on all fours.

In the briefs herein much learned discussion appears touching the matter of presentation to the court, as distinguished from the act of filing the motion with the circuit clerk. As to such matter, we conclude there is a material difference as to filing and presenting.

There appears to be a somewhat prevalent and fallacious idea that the mere filing of a motion for a change of venue ousts the court of jurisdiction. Therein lies a tale of dilatory tactics that tends to the laws delay.

It is shown by the record that the appellant herein had information that his case would be reached during the week of March 11, 1940. It appears that on March 11, the appellant herein, according to his testimony, came into possession of information that he says made it necessary to file a motion for change of venue, and same was filed with the clerk of the court on March 13th.

Appellant, upon his assumed ground that "it became then a simple matter of routine procedure" in the face of the fact of notice appearing in the public record every day and the receipt of several post cards notifying him that his case was on the trial docket for disposition made no appearance until after he learned that a default judgment had been taken.

The record clearly discloses culpable negligence on the part of appellant in failing to present his motion to the trial court. However, regardless of the aforesaid fact, the question as to whether or not there was error committed by the court in rendering default judgment before passing upon the motion, is not answered. This is so for the reason that the fact of appellant's neglect cannot correct a procedural error, if any, on the part of the court.

The respondent in his brief makes point as follows:

"The mere filing of an application for a change of venue does not deprive the court of jurisdiction, but it is necessary that the application be presented to the court and the change of venue ordered before the jurisdiction is transferred."

The point is well taken as to duty to present. However, we still have the question of procedure unanswered.

Respondent on his point cites Sinclare Coal Co. v. Taber Grigg Coal Co., 272 S. W. 701-2.

In the above case no question of setting aside a default judgment was before the court. The case was tried in the circuit court with judgment for plaintiff and defendant appealed. It is disclosed that there was a motion for change of venue that the record did not show as to whether or not the court had ruled and no exception to any ruling in respect to same was made. The court upheld the judgment on the theory made in respondent's point, *supra*, but as to the change of venue the court expressly states that same was not before the court for review.

Respondent cites State ex rel. v. Hogan, 27 S. W. (2d) 21-25. This is a proceeding in prohibition wherein the circuit court is sought to be prohibited from setting aside an execution sale. It appears that one of the alleged grounds for prohibition was that the court was without jurisdiction by reason of fact that motion for change of venue was involved. On this point the court says:

"Relators next aver that the filing of an affidavit for a change of venue ousted respondent's court of jurisdiction to hear and determine the motion to set aside the execution sale. The filing of an application for a change of venue does not oust the court of jurisdiction. Consequently prohibition is not the proper procedure to determine the propriety of the action of the court in denying application for change of venue. The granting or refusal of the application is addressed to the discretion of the court, and it has the power and jurisdiction to determine the matter whether its conclusion be right or wrong. The refusal to grant the application is a matter of error and exception, and, if the trial court errs, the error is correctible on appeal. We have so held. [State ex rel. v. Evans, 182 Mo. 632, 83 S. W. 447.]"

The above case is not in point on the issue presented in the case at bar. Respondent cites Berlin v. Thompson, 61 Mo. App. 234. Said case was before the St. Louis Court of Appeals on an appeal. One of the assignments of error was as to the action of the trial court in passing adversely on motion for change of venue. The above case is not in point herein. Respondent cites State ex rel. v. Mattock, 82 Mo. 455. The above case was before the Supreme Court on appeal wherein error was charged in action of trial court in refusing to allow a change of venue. Certainly not in point on the issue herein.

The only case cited in any brief herein that even has analogy to the question before us is Carpenter v. Alton R. R. Co., *supra*.

In the absence of a "circus" or a "White horse" case, the duty devolves upon us to reason from well-founded principles of law and procedure and determine the question as to whether or not it is error for a trial court to render a default judgment in a case where a motion has prior to the rendition of the judgment been duly filed in the case, but never presented to the court. We have heretofore held that such was error, when the court had actual knowledge that such a motion was on file. The question as to whether or not the same rule applies where the court at the time he rendered the default judgment had not actual knowledge must now be determined.

In ruling the question we recognize and adhere to the rule that the filing of such a motion does not deprive the court of jurisdiction and the further salutary rule, that the duty of the one filing the motion is to properly and in due course present his motion to the court.

This brings us squarely to the questions as to first whether or not it is the duty of the court to take judicial knowledge of the records of his court and second, if such duty devolves, is it error when application has been duly filed with the clerk to render judgment in default without first passing upon the application.

The judge of a court of record has the right to write his court record and to accept and enter filing of motions. In other words, the court has the right to make his own entries. Clerks are arms of the court and in the acceptance and filing of motions and pleadings do not act independently of the court, but act, under the supervision of the judge and for the court. [Sections 2003 and 2004, R. S. Mo. 1939; State ex rel. Henson v. Sheppard, 91 S. W. 477.]

In Anspach v. Jason, 78 S. W. (2d) 137, this court quoted from Steamboat Ospery v. Jenkins, 9 Mo. 644, as follows:

"The court could only speak through its record. The record did not show that the court ruled the motion prior to the trial. Hence, the motion, *as a matter of law,* was pending at the time the judgment was rendered." (Italics ours.)

The Steamboat case, *supra,* involved a motion for costs. If a motion for cost when filed is "as a matter of law pending," we conclude that a motion or application for change of venue when duly filed is pending as a matter of law.

As the record of the circuit court in the case at bar shows that the application for change of venue was duly filed long prior to the rendering of the judgment by default, we conclude, therefore, that such motion was pending as a matter of law at said time and, as same was pending and was a matter of record in his court, the judge of the court must be held as having constructive knowledge of same and that with such knowledge it was a procedural error for the court to render a default judgment before acting upon and disposing of the application for change of venue.

In reaching the above conclusion we are not unmindful of vexatious delays by dilatory tactics and delays occasioned by negligence wherein excuses rather than reasons are urged in mitigation. However, such evils must be met by lawful procedure with due regard to all legal and lawful filings and entries of record. The means of ascertaining a showing of record are always available and should be ascertained before the court acts.

In the case at bar it could easily have been ascertained that the defendant had an answer and an application for change of venue on file. The court after acquiring the actual *status* of the record could as rightfully act with sound discretion as to matter of gross negligence in failure of presentation by defendant of his application, and under the same rules as would justify the rendering of a default judgment could have ruled adversely on defendant's application and thus by orderly and legal procedure accomplish the same purpose that was accomplished erroneously.

We feel it well to admonish that appellate courts look with favor on trial on merits and with disfavor when default judgments are not set aside.

Judges of both trial and appellate courts should keep in mind that they were lawyers too once and in the exercise of sound discretion must realize that lawyers are sometimes afflicted with procrastination and, to an end of justice, we should avoid, if at all compatible with orderly procedure, visiting the sins of the advocate upon the head of the client.

The appeal taken from the default judgment is dismissed for causes stated above.

The judgment of the trial court in ruling against appellant on his motion to set aside default judgment is reversed and cause remanded with directions to the trial court to proceed to disposal of the cause in accordance with opinion herein. All concur.