**STATE of Missouri, Respondent,**

v.

**James JONES, Appellant.**

**No. 44674.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 28, 1982.

Motion for Rehearing and/or Transfer Denied Nov. 19, 1982.

Application to Transfer Denied Jan. 17, 1983.

Joseph W. Downey, Public Defender, Henry Robertson, Asst. Public Defenders, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant was convicted of two counts of first degree robbery, violations of § 569.020, RSMo.1978, and was sentenced as a persistent offender to two consecutive fifteen year terms with the Department of Corrections.

Defendant does not challenge the sufficiency of the evidence. Substantial evidence was introduced from which the jury could have found that at about 2:00 a.m. on September 21, 1980, the defendant robbed Gloria Dixon and Brenda Herron at gunpoint outside the C & K Barbecue in the City of St. Louis.

The verdict in this case was returned on May 14, 1981. On that date, counsel for defendant filed an application with the court clerk for a 10 day extension of time in which to file a motion for a new trial. The court clerk agreed to present it to the judge, but failed to do so. The application for extension of time had not been ruled on by the judge when defendant's motion for a new trial was filed on June 3, 1981, more than 15 days but within 25 days of the verdict. Consequently, the trial court ruled the motion was untimely filed.

Defendant, in his first point, asserts this was error. The state, in its brief, concedes defendant's application for an extension was timely filed and urges we review defendant's point as if the motion for new trial had been timely filed. If the trial court granted allocution and sentenced defendant without ruling on the motion for a new trial, there is no final judgment and

**36**

the appeal must be dismissed. *State v. Absher,* 439 S.W.2d 11, 12 (Mo.App.1969). Neither the parties nor their counsel can confer jurisdiction on this court. *State v. Egan,* 272 S.W.2d 719 (Mo.App.1954).

Rule 29.11(b) provides that a motion for new trial shall be filed within 15 days of the verdict, but "[o]n application of the defendant made within fifteen days after the return of the verdict and for good cause shown the court may extend the time for filing . . . not to exceed ten days." The provisions relating to the time for filing a motion for new trial are mandatory. *State v. Tucker,* 451 S.W.2d 91, 92 (Mo.1970).

Defendant asserts that when his application was filed with the clerk within 15 days of the verdict his obligation was fulfilled, citing *Cannon v. Nikles,* 151 S.W.2d 472 (Mo.App.1941). We disagree.

In *Cannon,* the court held that it was procedural error for a trial judge in a civil action to grant a default judgment without first ruling on a pending motion for a change of venue even though defendant's attorney had only filed the motion but not presented it to the court. We find *Cannon* unpersuasive.

A motion for new trial must be filed within the time limits established by Rule 29.11(b). Absent an application for additional time *and* the court's extension of the time for filing the motion for new trial, the motion must be filed within 15 days of the verdict. *State v. Smith,* 527 S.W.2d 455 (Mo.App.1975).[1] Defendant's motion was due on May 29, 1981, because even though defendant's application for an extension was timely filed, it was never granted by the trial court. It is an attorney's obligation to ensure that an application for an extension of time is timely ruled upon by the court because it is the duty of an attorney filing a motion "to properly and in due course present his motion to the court." *Cannon,* 151 S.W.2d at 475. The trial judge correctly held that defendant's motion for new trial filed on June 3, 1981, was untimely filed. It is, therefore, a nullity preserv-

ing nothing for review. *State v. Lehman,* 634 S.W.2d 542 (Mo.App.1982); *State v. Smith,* 527 S.W.2d 455, 456 (Mo.App.1975). We must determine, though, whether plain error affecting defendant's substantial rights resulting in a manifest injustice or a miscarriage of justice occurred. Rule 29.-12(b). *State v. Hill,* 628 S.W.2d 361, 362 (Mo.App.1981).

Defendant asserts that the trial court erred in overruling his motion to suppress the identification testimony of the two victims. We find no error, let alone plain error resulting in manifest injustice or a miscarriage of justice in the trial court's ruling.

At the hearing on the motion to suppress, both victims testified. At approximately 2:00 a.m., they arrived at C & K Barbecue located in a converted gas station at the corner of Martin Luther King and Goodfellow. Brenda parked the automobile facing the building, within two or three feet of it so that fluorescent lights shining out of the store's windows illuminated the automobile. In addition, there were street lights and traffic lights nearby. Gloria testified it was bright enough to read a newspaper while sitting in the car.

Both entered the barbecue and ordered something to eat. After they left and reentered their car, a man approached and opened the passenger door. When the car door opened the interior light went on. The man crouched down, pointed a gun at Gloria and both women immediately gave the man their purses. He left and fired a shot at the pavement.

The police were then summoned. A police officer testified the victims both described the robber as a Negro, 5'6" tall, 130 lbs., wearing a white T-shirt and Levis, but they were not sure of his height because he was crouched down during the robbery. Gloria testified she did not give the officers a description, but that she remembered he was young, black, wearing a white T-shirt and had his hair braided. Brenda testified she described the robber as 5'11" to 6 feet

1. In 1975, Rule 27.20(a) required the motion be filed within 10 days instead of 15 days.

tall, weighed 160 lbs., and wore a corn roll hairstyle. She could not remember giving a description of the robber's clothing. It was stipulated defendant was 29 years old and 6 foot, 2 inches tall.

At the hearing, a police officer testified that while he was at the scene of the robbery an eyewitness approached him, requested anonymity and stated the robber was known as "Spiderman." Consequently, the police put out a radio broadcast for "Spiderman." Officer Peick testified that he heard that broadcast and had arrested a suspect before by that nickname. He took a photograph of "Spiderman" to the scene of the robbery. One of the investigating officers handed the photograph first to Gloria who identified it as the robber. The photograph was then passed to Brenda who also identified it as the robber. Both of the victims' photographic identifications were made in the presence of the other.

Three days later, the defendant was arrested with personal papers of Brenda, and Gloria's purse and driver's license in his possession. Later that same day both victims separately viewed a lineup and identified defendant as the robber. Each victim also identified defendant at trial.

In *State v. Parker*, 458 S.W.2d 241 (Mo. 1970), citing *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), the Missouri Supreme Court set forth the three factors to be considered in determining whether a witness' identification testimony should be excluded. These are: 1) the presence of an independent basis of identification; 2) positive courtroom identification; and 3) the absence of any suggestive influence by others. Defendant argues that the victims did not have an independent basis to make the identification and the showing of the one photograph to the two victims together was impermissibly suggestive.

■ Use of a single photograph as a method of establishing identification increases the danger of identification but is not a ground to preclude an in-trial identification unless in the factual surroundings of the particular case there is a substantial likelihood of misidentification. *State v. Greenlaw*, 593 S.W.2d 641, 643 (Mo.App. 1980). The showing of a single photograph of a defendant to a witness where there is no improper comment or activity on the part of the officer showing the photograph does not result in impermissible suggestiveness. *State v. McGrath*, 603 S.W.2d at 518, 520–21 (Mo.1980); *State v. Goff*, 516 S.W.2d 818 (Mo.App.1974).

Defendant acknowledges the holding in *Goff*, but asserts that the showing of a single photograph to two witnesses is impermissibly suggestive citing *People v. Harris*, 74 A.D.2d 879, 426 N.Y.S.2d 26 (1980). In *Harris*, the court reversed defendant's first degree robbery conviction because the trial court failed to grant defendant's motion to suppress identification testimony. There, one of the two complaining witnesses testified at the motion to suppress that he never saw the robber and was unable to provide a description for the police. That witness was also unable to identify the defendant's photograph, but "went along with his brother's selection" of defendant's photograph at the police station which they viewed together, and on that basis he identified defendant at trial. 426 N.Y.S.2d at 27.

■ That is not the present case. The procedure employed in the circumstances of this case, was not impermissibly suggestive. The police made no improper comments when the photographs were shown to the victims. Gloria testified she heard no mention of "Spiderman" before she was shown a photograph of defendant. There was no evidence either victim overheard the statement made to the police by the anonymous eyewitness. Both witnesses had an independent basis for observing the defendant face to face in a lighted area. While the periods of observation were brief, they were not so brief that they precluded an opportunity of the witness to identify defendant and retain that identification. The circumstances relating to the certainty of the identification affect only the credibility of the witnesses' testimony and not its admissibility. *State v. Bivens*, 558 S.W.2d 296, 298–99

**38**

(Mo.App.1977); *State v. Bevineau,* 552 S.W.2d 67 (Mo.App.1977).

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.