Dolores STOCKMAN, et al., Respondents,

v.

SAFE–SKIN, CORP., et al., and John P. Frank, Personal Representative of the Estate of Decedent John Frank and Joseph Frank, et al. d/b/a The John Frank Partnership, Appellants.

No. ED 77942.

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 30, 2001.

Anthony R. Behr, Darren E. Daley, St. Louis, for John P. Frank.

Daniel G. Tobben, St. Louis, for Joseph Frank.

James E. Hullverson, Jr., St. Louis, for Mr. & Mrs. Stockman.

David A. Boresi, Omri E. Praiss, St. Louis, for Becton, Dickinson & Co.

CRAHAN, Judge.

John P. Frank, personal representative of the estate of John Frank, and Joseph Frank (collectively "Lawyer–Defendants") appeal the judgment of the trial court granting summary judgment to Becker Glove International, Inc., The Burrows Co., Baxter Healthcare Corp., Becton Dickinson and Co., Colonial Healthcare Supply Co., K & C Medical Supply, Inc., and Medix, Inc., (collectively "Corporate–Defendants")[1] in a product liability action brought by Dolores and Gregory Stockman (collectively "Plaintiffs"). Lawyer–Defendants argue the trial court erred in granting summary judgment to Corporate–Defendants because a genuine issue of material fact exists as to whether Plaintiffs' suit was barred by the five-year statute of limitations, contained in section

---

1. Although Safe–Skin Corporation is denoted as a defendant in Plaintiffs' petition and included in the caption on appeal, the record reflects that Safe–Skin Corporation was never served in the underlying suit and thus, has never been a party to these proceedings.

516.120 RSMo 1994,[2] as determined by the court. We dismiss the appeal for lack of standing.

The essential facts are not in dispute. On January 23, 1998, Lawyer–Defendants[3] filed a product liability lawsuit on behalf of Plaintiffs against Corporate–Defendants in the Circuit Court of the City of St. Louis. Plaintiffs' First Amended Petition alleged that Dolores Stockman, a respiratory therapist at St. John's Mercy Medical Center, developed a debilitating allergy to latex as a result of her workplace exposure to medical gloves manufactured by Corporate–Defendants. It alleged strict liability claims for failure to warn and product defect, as well as claims for negligence and loss of consortium.

In their answers to this petition, Corporate–Defendants asserted the five-year statute of limitations, section 516.120, as an affirmative defense. They contended that the statute of limitations had expired no later than January 3, 1998; twenty days prior to the filing of the First Amended Petition. Thereafter, Plaintiffs terminated their representation by Lawyer–Defendants and hired attorney James E. Hullverson, Jr. ("Hullverson") to represent them. Hullverson entered his appearance in the case and Lawyer–Defendants were granted leave to withdraw.

On July 10, 1998, Hullverson filed an Amended Third Party Petition realleging the original counts against Corporate–Defendants and asserting a third party legal malpractice claim against Lawyer–Defendants. This petition alleged that Lawyer–Defendants undertook to represent Plaintiffs against Corporate–Defendants but failed to file suit in a timely manner. It also stated that "the statute of limitations affirmative defense is apparently meritorious," and demanded that Lawyer–Defendants defend Plaintiffs with respect to the statute of limitations issue until deter-

mined by an order or judgment of the court. We find nothing in the record indicating any party objected to this arrangement. Thomas Plunkert, an attorney retained to represent Lawyer–Defendants, proceeded to defend Plaintiffs against the statute of limitations affirmative defense asserted by Corporate–Defendants.

The depositions of Dolores Stockman and her treating physician were taken. At the depositions, Hullverson repeatedly elicited information suggesting Plaintiffs' damages were both sustained and capable of ascertainment more than five years before suit was originally filed. Corporate–Defendants then filed a joint motion for summary judgment alleging once again that the statute of limitations had expired and attached portions of the depositions in support. After briefing and argument, the trial court granted summary judgment to Corporate–Defendants on Plaintiffs' product liability claims. Thereafter, Plunkert, on behalf of Plaintiffs, filed a motion to reconsider the judgment, or in the alternative, to designate the order final for purposes of appeal. Corporate–Defendants opposed the motion to reconsider arguing that Lawyer–Defendants lacked standing to challenge the trial court's judgment. Hullverson, on behalf of Plaintiffs, also objected to Lawyer–Defendants' motion to reconsider contending, *inter alia*, that:

2. Plaintiffs Stockman object to any representation by any lawyer or law firm other than Hullverson & Hullverson, Inc. because there is no contract of employment or attorney representation agreement between Plaintiffs and anyone representing the members of The Frank Partnership, and because such a continuing purported representation constitutes a conflict of interest. Plaintiffs' limited grant of permission for lawyers to defend against the latex manufacturers' prima facie defense of the second lawsuit filed on Plaintiffs'

2. Unless otherwise indicated, all statutory references are to RSMo 1994.

3. Lawyer–Defendants were associated with the law firm referred to in the record as the John Frank Partnership.

behalf by the Third Party Defendant Frank Law Firm and Lawyers was time barred having been filed late in violation of the statute of limitations violation [sic], expired when the Court granted summary for Latex Defendants based on their statute of limitations defense. 3. Plaintiffs object to any interlocutory appeal.

Plunkert was permitted to withdraw his representation of Lawyer–Defendants and consequently, representation of Plaintiffs on the statute of limitations issue. Thereafter, Lawyer–Defendants retained separate counsel, who each filed a motion to reconsider on his own behalf. Each also moved to dismiss Plaintiffs' legal malpractice claim contending it was premature and involved improper third party practice. After consideration, the trial court denied Lawyer–Defendants' motions to reconsider and designated the case final for purposes of appeal. Simultaneously, it dismissed Plaintiffs' legal malpractice claims in accordance with Lawyer–Defendants' requests.

Lawyer–Defendants each filed a notice of appeal to this court contending the trial court erred in granting summary judgment to Corporate–Defendants on Plaintiffs' product liability claims. In response, Corporate–Defendants filed a joint motion to dismiss the appeals contending Lawyer–Defendants lack standing to appeal the summary judgment issue. They also argued the trial court properly granted summary judgment in their favor. Plaintiffs have not appealed from the adverse ruling against them, but rather concur in Corporate–Defendants' assertions in their motion to dismiss and on appeal. This court consolidated Lawyer–Defendants' appeals on its own motion.

■ The right of appeal is purely statutory and belongs only to a party "aggrieved" by a judgment. Section 512.020; *Harper's Smart Shops, Inc. v. Bruce*, 878 S.W.2d 865, 867 (Mo.App.1994). A party is "aggrieved" when the judgment operates prejudicially and directly on his personal or property rights or interest and such is an immediate and not merely a possible remote consequence. *Id.; Hertz Corp. v. State Tax Comm'n*, 528 S.W.2d 952, 954 (Mo. banc 1975).

■ Lawyer–Defendants claim they are aggrieved by the trial court's grant of summary judgment because Hullverson, on behalf of Plaintiffs, has threatened to refile the legal malpractice claims against them pending disposition of this appeal. Thus, they contend that because the judgment "could operate prejudicially" against them in a subsequent case, they should have standing to appeal the present decision. We disagree.

The possibility that the judgment may adversely impact Lawyer–Defendants at some unspecified point in the future is insufficient to confer standing upon them in the present case. This court considered and rejected a similar claim in *Harris v. Union Elec. Co.*, 685 S.W.2d 607 (Mo.App. 1985). In *Harris*, Centerre Trust Company was the trustee on certain mortgage bonds issued by Union Electric. The mortgage bondholders filed suit against Union Electric and ultimately obtained an award of attorneys' fees against it. *Id.* Centerre attempted to appeal this award arguing that the trial court's construction of an indenture agreement included in the award "may be binding on it in the future." *Id.* at 610.

This court determined that such an argument was an inadequate basis upon which to confer standing. *Id.* "An appellant's interest, to suffice, must be a direct and immediate pecuniary interest in the particular cause, and it is not sufficient that he is interested in the question litigated, or that by the determination of the question litigated, he may be a party in interest to some other suit, growing out of the decision of that question." *Id.* (citing *American Petroleum Exch. v. Public Serv. Comm'n*, 238 Mo.App. 92, 176 S.W.2d 533, 534 (1943)). Since it was apparent that any damage suffered by Centerre from the

trial court's judgment against Union Electric was at that point "remote at best," the court held that Centerre lacked standing and dismissed the appeal.

The same holding is applicable in the present case. Lawyer–Defendants are not directly or immediately prejudiced by the trial court's order. The grant of summary judgment to Corporate–Defendants only disposed of Plaintiffs' claims against them. The judgment did not direct Lawyer–Defendants to pay any money damages nor did it determine that they were negligent in any manner. To the contrary, the trial court dismissed Plaintiffs' legal malpractice claims at Lawyer–Defendants' request. The possibility that Plaintiffs may refile the claims at some future point is, on this record, remote and speculative. *See Harper's Smart Shops, Inc.*, 878 S.W.2d at 867; *see also LeChien, et al. v. St. Louis Concessions, Inc., et al.*, 33 S.W.3d 602 (Mo.App.2000) (possibility that judgment may lead to malpractice claim too speculative to permit lawyer to intervene as of right).

Lawyer–Defendants' reliance on *Lockett v. Owens–Corning Fiberglas*, 808 S.W.2d 902 (Mo.App.1991) is misplaced. Although factually similar, the case is procedurally distinguishable. In *Lockett*, the trial court entered two orders: one granting summary judgment in favor of the asbestos-defendants and the other granting partial summary judgment against the original lawyer-defendants. Because the judgment against the lawyer-defendants precluded them from further contesting the statute of limitations issue, this court determined that they had standing to appeal. In contrast, the trial court in the present case

did not enter any judgment that would necessarily preclude Lawyer–Defendants from contesting the statute of limitations issue in any subsequent proceeding.[4] To the contrary, Lawyer–Defendants received precisely the relief they sought—dismissal of the legal malpractice claims against them.

Accordingly, the appeal is dismissed.

GARY M. GAERTNER, P.J., concurs.

DRAPER, J., concurs.

---

4. Lawyer–Defendants expressed concern at oral argument that Plaintiffs will attempt to argue that Lawyer–Defendants are bound by the instant judgment under the doctrine of offensive estoppel. *See Oates v. Safeco Ins. Co. of Am.*, 583 S.W.2d 713, 719 (Mo. banc 1979). From our review of the record before us, that concern appears to be unfounded. This is because one of the key elements that must be shown to invoke the doctrine is that the party against whom collateral estoppel is

asserted had a full and fair opportunity to litigate the issue in the prior suit. *Neurological Medicine, Inc., v. General Am. Life Ins. Co.*, 921 S.W.2d 64, 68 (Mo.App.1996). Plaintiffs' conduct in eliciting information adverse to their own claim, coupled with the fact that Lawyer–Defendants lack standing to appeal, would thus appear to preclude Plaintiffs from invoking the doctrine in any subsequent proceeding.