**William P. CHARNISKY,**
Contestant/Respondent,

v.

**Richard CHRISMER, Director of Elections St. Charles County Election Authority, Contestee/Respondent,**

**Shane Kranzberg, Intervenor/Appellant.**

No. ED 85933.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 17, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 9, 2006.

David T. Hamilton, John A. Young, Nicholas J. Komoroski, Hazelwood & Weber LLC, St. Charles, MO, for William P. Charnisky.

Harold A. Ellis, St. Charles, MO, for Rich Chrismer.

Stephen A. Martin, Barklage, Brett, Martin, Wibbenmeyer & Hamill, P.C., St. Charles, MO, for appellant.

KATHIANNE KNAUP CRANE, Presiding Judge.

This is an appeal from a judgment in a lawsuit contesting an annexation election held pursuant to Section 71.015.3 RSMo (2000) on the City of St. Peters' proposition to annex an unincorporated area. At the time of the election, the election authority records showed one registered voter in the annexation area. The original contestant, a resident of St. Peters, filed a petition challenging that voter's residency and qualifications to vote, and sought a recount. A second contestant intervened, claiming that he was also a resident of the area to be annexed, and requested either a recount that tabulated his ballot or a new election. After a trial on both contestants' claims, the trial court agreed with the original contestant and ordered a recount in which the contested voter's ballot would not be counted. The trial court denied the second contestant's request for a new election because he had failed to show election irregularities in that his failure to vote as a resident of the annexed area was found to be caused by his failure to follow directions and not the fault of the election judges. The second contestant appeals. We affirm.

### FACTUAL and PROCEDURAL BACKGROUND

In May 1998, the City of St. Peters (the City) declared its intent to annex an unincorporated area adjacent to the City known as Harvestowne. It filed a petition to annex in the Circuit Court of St. Charles County. The City filed a declaratory judgment action seeking a judgment declaring that the City met all the requirements of the law to annex the Harvestowne area, thus permitting the City to proceed with an annexation election pursuant to section 71.015. *See City of St. Peters v. Winterhoff Living Trust,* 77

S.W.3d 17 (Mo.App.2002) (*Winterhoff I*). After remand, the trial court entered a judgment permitting the City to proceed with annexation, which we affirmed. *City of St. Peters v. Ronald A. Winterhoff,* 117 S.W.3d 698 (Mo.App.2003) (*Winterhoff II*).

Thereafter, in December 2003, the City passed an ordinance and called for an election to be held on April 6, 2004, on the proposition for annexation. The City certified to the St. Charles County Election Authority (Election Authority) that there were no qualified electors in Harvestowne.[1] Accordingly, Richard Chrismer, the Director of Elections (the Director) prepared for an annexation election at which the City voters would vote on white ballots. However, three to four weeks before the election, the Director learned that there was a qualified elector in Harvestowne, Dennis Gittemeier. After confirming Mr. Gittemeier's address and registration, the Director prepared to conduct an election to allow votes to be cast from both the City and Harvestowne. The Director added page 10G to the vote recorder[2] for voters who lived in Harvestowne to vote on the annexation proposition. The instructions on this page instructed voters that if they were voting on the annexation, and resided within Harvestowne, they were to use a yellow ballot.

The election on the proposition for annexation was held on April 6, 2004. Mr. Gittemeier voted against the proposition for annexation on a yellow ballot. On the day of the election, intervenor, Shane Kranzberg, transferred his voter registration to an address within Harvestowne. Mr. Kranzberg used a white ballot to vote against the proposition for annexation. On April 7, 2004, the Director announced that voters from the City cast 7,983 votes in favor of the proposition and 4,086 votes against. He announced that voters from Harvestowne cast no votes in favor and one vote against. Because no votes were cast from Harvestowne in favor of the proposition, the proposition for annexation failed. Section 71.015.

On May 4, 2004, contestant, William P. Charnisky, a registered voter in the City, filed a petition to contest the election, which he subsequently amended. He alleged that Mr. Gittemeier did not live at the Harvestowne address, which was a business office, and that Mr. Gittemeier was therefore not qualified to vote. He sought a recount and other relief.

Shortly thereafter, Mr. Kranzberg obtained leave to intervene and filed an election contest petition. He alleged that he was a resident of the annexation area, was qualified to and did vote, but his vote was not counted. In Count III, he sought a declaration that he was a resident, a recount or a new election, and other relief.[3]

After a bench trial on Mr. Charnisky's petition and Count III of Mr. Kranzberg's petition, the court entered an Order and Judgment, which recited:

(1) Based on the preponderance of the credible evidence, the Court finds that Dennis Gittemeier was not a resident at 1208 Harvestowne Industrial Drive at the time of the election and, therefore,

---

1. In its October 11, 2002 judgment on remand from *Winterhoff I,* the trial court had found there were no qualified electors in the area to be annexed.

2. In St. Charles County, voters use a vote recorder with punch card ballots. The left hand page of the vote recorder lists the names of the candidates and issues to be voted on.

3. The trial court granted the Director's motion to dismiss counts I and II of Mr. Kranzberg's petition, which had requested similar relief and an order in mandamus on the same facts.

was not qualified to vote on the ballot question regarding the annexation of property by the City of St. Peters at the election held on April 6, 2004; (2) that, as a result, the Election Authority of St. Charles County is directed to conduct a recount of the ballots, pursuant to § 115.583, RSMo.; (3) in such recount, the ballot cast by Dennis Gittemeier shall not be counted pursuant to § 115.582.2, RSMo.; and (4) the Court finds, based on the preponderance of the credible evidence that Intervenor Shane Kranzberg failed to follow the instructions clearly printed upon the vote recorder utilized by the St. Charles County Election Authority and that there are *not* irregularities of sufficient magnitude to cast doubt on the validity of the election held on April 6, 2004 pursuant to § 115.593, RSMo., and, therefore, Intervenor Kranzberg's request for a new election is hereby denied.[4]

Mr. Kranzberg appeals from this judgment.

## DISCUSSION

### I. *Standing to Appeal*

■ In his first point, Mr. Kranzberg challenges that portion of the trial court's judgment that ordered a recount without Mr. Gittemeier's ballot. He claims that the trial court could not order a recount because there was no showing of an irregularity that placed the result of the election in doubt. In his third, fourth and fifth points, he challenges the trial court's findings that Mr. Gittemeier was not a resident.

In his petition, Mr. Kranzberg's sole claim for relief was that his own vote should be counted; he did not allege any

claim based on Mr. Gittemeier's residence or ballot or the power of the court to order a recount on Mr. Chernisky's claims. Further, Mr. Kranzberg affirmatively sought a recount as part of the relief in his own petition.

■ To bring an appeal, an appellant must have been a party to the suit and aggrieved by the judgment of the trial court. Section 512.020 RSMo (2000); *Munson v. Director of Revenue*, 783 S.W.2d 912, 915 (Mo. banc 1990). A party cannot assert trial court error for actions by which it was not aggrieved. *Parker v. Swope*, 157 S.W.3d 350, 352 (Mo.App.2005). A party is "aggrieved" when the judgment operates prejudicially and directly on his or her personal or property rights or interests and that effect is immediate and not merely a possible remote consequence. *Id.; see also* In re *Ancillary Adversary Proceeding*, 89 S.W.3d 460, 464 (Mo. banc 2002); *Brentwood v. Barron Holdings Intern.*, 66 S.W.3d 139, 142 (Mo.App.2001).

■ An appellant may not challenge portions of a judgment that resolve issues solely between other parties and do not resolve the claims made by that appellant. *Boatmen's Nat. Bank v. Rogers*, 352 Mo. 763, 179 S.W.2d 102, 107 (1944). Mr. Charnisky and Mr. Kranzberg were each contestants in the trial court, but neither filed pleadings against each other and each filed a separate and independent claim against the Director. When Mr. Kranzberg came into the trial court as intervenor, he did not raise any issue about Mr. Gittemeier's residency or right to vote. Mr. Kranzberg is not aggrieved by that part of the judgment in favor of Mr. Charnisky ordering a recount on the basis that Mr. Gittemeier was not a resident. *See*

---

4. Mr. Kranzberg had also asked for a recount that included his ballot, but the Director testified that a recount could not physically be done because there was no yellow ballot to recount.

*Brentwood*, 66 S.W.3d at 143; *White v. Kuhnert*, 207 S.W.2d 839, 841 (Mo.App. 1948).

Mr. Kranzberg responds that he has an interest as a citizen or resident of Harvestowne in the counting of Mr. Gittemeier's ballot. This argument might have furnished him a basis to assert standing in the trial court to raise claims about Mr. Gittemeier's ballot. However, he did not make any such claims in the trial court, and therefore he is not aggrieved by that part of the judgment that resolved those issues.

In this case, Mr. Kranzberg was logically and legally aggrieved only by that portion of the trial court's judgment that denied his claim to have his own ballot counted. He has no standing on appeal to challenge that part of the trial court's judgment granting Mr. Charnisky relief on his claims relating to Mr. Gittemeier's ballot. Accordingly, our review is limited to the claim of error raised in Point Two of Mr. Kranzberg's brief.[5]

## II. *Denial of Relief on Mr. Kranzberg's Petition*

█ In his second point, Mr. Kranzberg challenges the trial court's finding that he failed to follow the instructions of the vote recorder. He argues that this finding is not supported by substantial evidence because he "followed the mistaken directions of the election judge and the mistakes of the election judge justify a new election." We disagree.

█ We review this claim under *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We will sustain the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless

it erroneously declares the law, or unless it erroneously applies the law. *Id.*

The trial court found:

[T]he Court finds, based on the preponderance of the credible evidence that Intervenor Shane Kranzberg failed to follow the instructions clearly printed upon the vote recorder utilized by the St. Charles County Election Authority and that there are *not* irregularities of sufficient magnitude to cast doubt on the validity of the election held on April 6, 2004 pursuant to section 115.593, RSMo....

Section 115.593 RSMo (2000) allows a court in an election contest case to order a new election if it "determines there were irregularities of sufficient magnitude to cast doubt on the validity of the initial election." Substantial evidence supports the trial court's finding that Mr. Kranzberg used a white ballot instead of a yellow ballot to vote on the annexation proposition because he failed to follow the instructions on the vote recorder, and not because he was given contrary instructions by an election judge.

Mr. Kranzberg had been registered to vote at an address that was not in Harvestowne since 2000. Before the April 6 election, Mr. Kranzberg informed the Election Authority by telephone that he was changing his address. The Election Authority sent Mr. Kranzberg a transfer sheet. Because Mr. Kranzberg's request was made before the Election Authority learned there was a voter in Harvestowne, the transfer sheet instructed Mr. Kranzberg to use a white ballot to vote on the annexation election. However, someone from the Director's office telephoned Mr. Kranzberg before the election and told him that if he was voting from Harvestowne,

---

**5.** In addition, we deny as moot Mr. Charnisky's motion to dismiss Mr. Kranzberg's appeal on the ground that the judgment ordering a recount was not final and appealable.

he was not to use a white ballot, but a different colored ballot.

On the day of the annexation election, Mr. Kranzberg transferred his voter registration to an address within Harvestowne. At this time the Harvestowne precinct voter ledger, which instructed the election judges on what color ballot to give each voter, had already been printed. As a result, the Harvestowne precinct voting ledger instructed the election judges to give Mr. Kranzberg a white ballot.

Mr. Kranzberg testified that he repeatedly requested a yellow ballot, but the election judge refused to give him one. However, the Director testified that if a voter had asked the election judge for a yellow ballot, the election judge was required to call the election office to determine which color ballot was to be used. Election judges are trained three times a year and as part of that training they know to contact the Election Authority·if someone requests a different color ballot. No election judge from Mr. Kranzberg's precinct called the Election Authority to report that Mr. Kranzberg had requested a yellow ballot.

Mr. Kranzberg admitted that while he was voting, he did not see all the voting instructions contained in the vote recorder. Those instructions directed Harvestowne residents to use yellow ballots to vote on annexation.

Although Mr. Kranzberg testified that he requested a yellow ballot and the election judge refused to give him one, we defer to the trial court's determination of credibility and disregard all contrary evidence and inferences. *Creech v. Creech,* 992 S.W.2d 226, 229 (Mo.App.1999). There was sufficient evidence for the trial court to find that Mr. Kranzberg did not request a yellow ballot from an election judge and failed to follow the instructions

in the vote recorder to use a yellow ballot. Point two is denied.

The judgment of the trial court is affirmed.

LAWRENCE E. MOONEY and BOOKER T. SHAW, JJ., concur.