

# Missouri Court of Appeals
## Southern District
### Division Two

| | | |
|---|---|---|
| In re the Marriage of Corey Allen and Jamilee R. Sheffer | ) ) ) | |
| COREY ALLEN, | ) ) | |
| Petitioner-Respondent, | ) ) | |
| vs. | ) ) | No. SD34116 |
| JAMILEE R. SHEFFER, | ) ) | Filed September 14, 2016 |
| Respondent-Respondent, | ) ) | |
| ROBERTA ERISMAN, | ) ) | |
| Intervenor-Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Mark A. Powell

APPEAL DISMISSED

Corey Allen and Jamilee Sheffer were divorced in July of 2012. They have two children. Roberta Erisman, Sheffer's mother, had intervened in the dissolution action and was granted unsupervised visitation with the children by the dissolution judgment. About a year later, Allen moved to modify, among other matters, Erisman's visitation rights. Following an evidentiary hearing on the motion, the trial court entered a judgment modifying the parenting plan by placing restrictions on Erisman's visitation. In doing so, the modification judgment mentions a non-

party minor (not one of Allen's and Sheffer's children) by his first name. Erisman now appeals, claiming in her sole point that the trial court committed error in entering the modification judgment because the judgment identifies this non-party minor by name.[1]

"Although not questioned, it is this court's duty to determine the propriety of an appeal." *Government Employees Ins. Co. v. Clenny*, 752 S.W.2d 66, 68 (Mo.App. 1988). The right to appeal is purely statutory. *Transit Cas. Co. ex rel. Pulitzer Publ'g Co. v. Transit Cas. Co. ex rel. Intervening Employees*, 43 S.W.3d 293, 297 (Mo. banc 2001). "Any party to a suit *aggrieved by any judgment* of any trial court in any civil cause . . . may take his or her appeal to a court having appellate jurisdiction from any [. . . final] judgment in the case[.]" Section 512.020(5), RSMo Cum.Supp. 2012 (emphasis added). "The general rule is that a party is aggrieved when the judgment operates prejudicially and directly upon his personal or property rights or interests and that such must be immediate and not merely a possible remote consequence." *Hertz Corp. v. State Tax Comm'n*, 528 S.W.2d 952, 954 (Mo. banc 1975). Whether a party is aggrieved is also a matter of standing:

> Standing requires a party seeking relief to have a legally cognizable interest in the subject matter and to have suffered a threatened or actual injury. To have standing, the party seeking relief must show two things: (1) the party is sufficiently affected by the action being challenged to justify consideration by the court of the validity of the action; and (2) the action violates the rights of the particular party who is attacking it and not some third party.

*HHC Med. Grp., P.C. v. City of Creve Coeur Bd. of Adjustment*, 99 S.W.3d 68, 73 (Mo.App. 2003) (internal citations omitted).

Although Erisman is individually a party to the action, she fails in all other aspects necessary to establish her standing and statutory right to appeal as one aggrieved by the

---

[1] Erisman raises no claim of trial court error related to any findings of fact, conclusions of law, or rulings in the modification judgment, other than "the use of an actual minor's name as opposed to some pseudonym."

2

judgment. She does not bring an appellate claim that immediately concerns her individual "personal or property rights or interests[.]" *Hertz Corp.*, 528 S.W.2d at 954. She does not explain in what respect she is personally "affected by the action being challenged[.]" *HHC Med. Grp., P.C.*, 99 S.W.3d at 73. She also does not argue that the trial court's judgment "violates the rights of the particular party who is attacking it and not some third party." *Id.* Rather, she brings her sole claim seeking to enforce a third party's alleged personal rights not to be identified in the modification judgment.

A party "may be aggrieved as to some issues but not to others." *Harrell v. Mo. Dep't of Corr.*, 207 S.W.3d 690, 692 (Mo.App. 2006). "A party cannot assert trial court error for actions by which it was not aggrieved." *Charnisky v. Chrismer*, 185 S.W.3d 699, 702 (Mo.App. 2006); *see In re P.G.M.*, 149 S.W.3d 507, 516 (Mo.App. 2004) (while reaching merits on other claims raised by appellant, appellate court declined to review claim that trial court erred in denying motions to intervene and to consolidate filed by appellant's sister because appellant was not aggrieved by those denials). In *In re Marriage of Lafferty*, the appellant claimed error in only those parts of the judgment not legally affecting her, the ownership of animals that she argued belonged to a non-party. 788 S.W.2d 359, 361 (Mo.App. 1990). The appellate court dismissed her appeal because she was not aggrieved by the portion of the judgment pertaining to the rights of a non-party. *Id.* Similarly, although Erisman may have been an individual party to this action who was aggrieved by the portion of the modification judgment affecting her visitation rights, her claimed error on appeal pertains only to the alleged rights of a non-party as related to the identification language used in the modification judgment. She provides no statutory or other legal authority that allows her, in her individual capacity, to enforce that non-party's alleged rights.

3

Erisman is not aggrieved by the portion of the judgment that she challenges on appeal; only the non-party minor is aggrieved by it.[2]  Therefore, Erisman's appeal is dismissed.


GARY W. LYNCH, P.J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – concurs

WILLIAM W. FRANCIS, JR., J. – concurs

---

[2] Because of this determination, we cannot and do not reach any issue related to the nature or severity of the non-party minor's damage by being identified by first name in the modification judgment or the nature and extent of the non-party minor's rights, if any, not to be so identified.