

# In the
# Missouri Court of Appeals
## Western District

| | |
|---|---|
| RICHARD "NEIL" HOWE, | ) |
| | ) |
| Respondent, | ) WD82656 |
| | ) |
| v. | ) OPINION FILED: April 14, 2020 |
| | ) |
| HEARTLAND MIDWEST, LLC, ET AL., | ) |
| | ) |
| Respondent, | ) |
| | ) |
| TIME WARNER CABLE MIDWEST, LLC, | ) |
| | ) |
| | ) |
| | ) |
| Appellant. | ) |

**Appeal from the Circuit Court of Jackson County, Missouri**
The Honorable Jalilah Otto, Judge

Before Division Two: Cynthia L. Martin, Presiding Judge, Thomas H. Newton, Judge
and Gary D. Witt, Judge

Time Warner Cable Midwest, LLC ("Time Warner") appeals from a judgment that

confirmed an arbitrator's award and entered judgment in favor of Richard "Neil" Howe

("Howe") and against Heartland Midwest, LLC ("Heartland") in the amount of $350,000.

Time Warner argues that the trial court erred in denying its motion to intervene as a matter

of right, and in granting Howe's motion to confirm the arbitrator's award. Because Time Warner is not aggrieved by the judgment, it has no standing to appeal. And because the judgment does not resolve all claims as to all parties, the judgment is not final for purposes of appeal. The appeal is dismissed.

## Factual and Procedural History

On February 19, 2013, near the Country Club Plaza in Kansas City, Missouri, Heartland was performing horizontal directional drilling services pursuant to an agreement with Time Warner to install fiber optic cable. While performing that work, Heartland ruptured a gas main owned by Missouri Gas Energy ("MGE"). Howe, a construction foreman for MGE, responded to the scene to fix the ruptured main. While Howe was standing in an excavation hole above the ruptured main, Howe felt an explosion behind him and was thrown to the ground.

On April 17, 2017, Howe filed a petition against Heartland and Time Warner[1] claiming damages for injuries Howe sustained. Heartland and Time Warner both filed answers to Howe's petition. Time Warner also filed a third-party petition against USIC Locating Services, LLC ("USIC"), the entity responsible for marking the location of underground utility lines. USIC filed an answer to Time Warner's third-party petition.

---

[1]Howe's petition also named Charter Communications as a defendant. Howe dismissed Charter Communications without prejudice on June 26, 2017.

2

On February 1, 2019, Howe dismissed his claims against Time Warner.[2]  As a result, all that remained pending were Howe's claims against Heartland, and Time Warner's third-party claims against USIC.

On February 7, 2019, in the same proceeding where Howe's petition was initially filed, Howe filed a motion seeking confirmation of an arbitrator's award and the entry of a judgment against Heartland ("motion to confirm").  The arbitrator's award attached to the motion to confirm described an arbitration on January 11, 2019, between Howe and Heartland.  The arbitrator awarded damages in favor of Howe and against Heartland in the amount of $350,000.

On February 8, 2019, Time Warner filed a notice of potential intervention ("notice").  In the notice, Time Warner complained that Howe and Heartland had conducted a "secret arbitration" while Time Warner was still a party to Howe's action.  Time Warner complained that the arbitrator's award, if confirmed, could impair Time Warner's rights and potential recoveries against interpleaded funds in the United States District Court for the Western District of Missouri.[3]  Time Warner filed a formal motion to intervene on

---

[2]Howe's dismissal of Time Warner did not specify whether it was with or without prejudice.  The dismissal operated as a dismissal with prejudice, however, because Howe had earlier exercised his right pursuant to Rule 67.02 to voluntarily dismiss claims against Time Warner without prejudice in a suit filed in 2014 and dismissed in 2016.  Howe's counsel has repeatedly represented to the trial court, and to this court on appeal, that Howe's dismissal of Time Warner in the instant case was with prejudice.

All rule references are to the Missouri Supreme Court Rules (2019), unless otherwise noted.

[3]According to Time Warner's pleadings, BITCO General Insurance Corporation ("BITCO") issued two insurance policies to Heartland, each of which named Time Warner as an additional insured.  BITCO is alleged by Time Warner to have paid out approximately $3.9 million of the $6 million policy limits on these policies to resolve or pay claims arising out of the February 19, 2013 explosion.  The balance of the policy proceeds have apparently been paid into the registry of the United States District Court for the Western District of Missouri in connection with an interpleader action filed by BITCO and assigned case number 4:15-cv-00384-FJG.  Time Warner, Heartland, Howe, and others are apparently named as defendants in the interpleader action.  Time Warner argues it has an interest in the interpleaded funds arising out of rights of indemnity or contribution from Heartland by virtue of claims that have been resolved (and paid) by Time Warner.  This explanation for Time Warner's motion to intervene is provided to afford context, and is not to be relied on as the law of the case.

3

February 22, 2019 ("motion to intervene"). Howe opposed Time Warner's motion to intervene, and argued that his claims against Time Warner had been dismissed with prejudice, and that Time Warner had no responsibility to satisfy his judgment against Heartland.

The trial court conducted a hearing on the motion to confirm and the motion to intervene on February 25, 2019. Counsel for Howe, Heartland, Time Warner, and USIC appeared. USIC's counsel explained that she was present because USIC "[was] brought in as a third-party defendant by Time Warner," and remained a party in the action because Time Warner's third-party petition was still pending.

In addressing the motion to confirm, Howe argued that he was free to separately resolve his claims against Heartland by whatever means he desired, including arbitration, and that Time Warner had no right to interfere with Howe's resolution of his claims against Heartland, especially as Time Warner had no responsibility to pay any judgment entered against Heartland. When asked by the trial court, Time Warner confirmed that Howe had the right to separately settle or otherwise resolve his claims against Heartland without Time Warner's assent. Time Warner nonetheless argued that the arbitration had been a sham proceeding designed to permit Howe to collect money out of the interpleaded funds in the federal district court action.

In addressing the motion to intervene, Howe repeated that Time Warner had no interest in the arbitrator's award, or its confirmation, because Howe had dismissed Time Warner with prejudice, and Time Warner had no risk of liability for the arbitrator's award.

4

Time Warner reiterated that its right to intervene stemmed from its interest in the interpleaded funds in the federal district court proceedings.

When asked by the trial court, USIC's counsel advised that USIC had no position on either the motion to confirm or the motion to intervene, and just wanted to "make sure Time Warner [is] going to dismiss us." Time Warner's counsel responded, "[w]e're working on that."

After hearing the parties' arguments, the trial court indicated that it would take both motions under advisement. The trial court noted that it would only rule on the motion to intervene, however, if the trial court believed there was a need to do so.

On February 26, 2019, the trial court entered a judgment indicating that "upon receiving a Motion for Confirmation of Arbitrator's Award and having reviewed said arbitrator's award, pursuant to Missouri Revised Statutes [section] 435.400, et seq., [the court] hereby issues judgment in favor of Plaintiff Richard 'Neil' Howe against Heartland Midwest, LLC, in the amount of $350,000" ("Judgment"). The Judgment made no reference to Time Warner's motion to intervene. The docket sheet supplied with the record on appeal does not reflect that Time Warner's motion to intervene was ever ruled on by the trial court. Nor does the docket sheet reflect that Time Warner has dismissed its third-party petition against USIC.

Time Warner filed this appeal from the Judgment.

## Analysis

Time Warner asserts two points on appeal. Both identify the Judgment as the trial court action from which the appeal is taken. Time Warner's first point claims the trial court

5

erroneously denied Time Warner's motion to intervene. Time Warner's second point claims the trial court erroneously granted the motion to confirm the arbitrator's award.

Although neither Time Warner nor Howe have raised the issue of our appellate jurisdiction, we are required to determine *sua sponte* whether we have jurisdiction to hear this appeal. *Maly Commercial Realty, Inc. v. Maher*, 582 S.W.3d 905, 910 (Mo. App. W.D. 2019). "The right to appeal is purely statutory and, where a statute does not give a right to appeal, no right exists." *McClain v. Landmark Equity Grp., LLC*, 584 S.W.3d 383, 387-88 (Mo. App. W.D. 2019) (quoting *First Nat'l Bank of Dieterich v. Pionte Royale Prop. Owners' Ass'n Inc.*, 515 S.W.3d 219, 221 (Mo. banc 2017)).

There are two issues presented by the record which implicate our jurisdiction to entertain this appeal: Time Warner's standing to appeal, and the finality of the Judgment. We address the issues separately.

### *Time Warner is not aggrieved and does not have standing to appeal the Judgment*

Section 512.020,[4] the statute which governs the right to appeal, affords the right of appeal to "[a]ny party to a suit aggrieved by any judgment of any trial court in any civil cause . . . ." "A party who has not been aggrieved by a judgment has no right or standing to appeal." *T.V.N. v. Mo. State Highway Patrol Criminal Justice Info. Servs.*, No. WD82341, 2019 WL 5874670, at *1 (Mo. App. W.D. Nov. 12, 2019) (quoting *Jackson Cty. Bd. of Election Comm'rs v. Paluka*, 13 S.W.3d 684, 687 (Mo. App. W.D. 2000)). "[A] party cannot be said to be 'aggrieved,' unless error has been committed against him."

---

[4]All statutory references are to RSMo 2016 unless otherwise noted.

*Shoate v. State*, 529 S.W.3d 869, 876 (Mo. App. W.D. 2017) (quoting *Fenton v. Thompson*, 176 S.W.2d 456, 460 (Mo. 1943)). "Courts have a duty to determine if a party has standing prior to addressing the substantive issues of the case." *T.V.N.*, 2019 WL 5874670, at *2 (quoting *CACH, LLC v. Askew*, 358 S.W.3d 58, 61 (Mo. banc 2012)).

### a. Time Warner does not have standing to assert its first point on appeal because the Judgment does not include a ruling on the motion to intervene

Time Warner's first point on appeal claims the trial court's Judgment erroneously denied the motion to intervene. However, the Judgment does not include a ruling on Time Warner's motion to intervene.[5] Time Warner is not aggrieved and has no standing to appeal, claiming error in the denial of its motion to intervene, when neither the Judgment nor any interlocutory order incorporated into the Judgment, has ruled the motion to intervene.

Time Warner acknowledges that the trial court never ruled on the motion to intervene. Time Warner argues, however, that the Judgment "functionally" denied the motion to intervene. Time Warner cites no authority supporting this critical assertion. Our independent research establishes that a judgment cannot be interpreted to rule pending motions *sub silentio*.

In *Traders Bank of Kansas City v. Cherokee Investment Co.*, 642 S.W.2d 122, 122-23 (Mo. App. W.D. 1982), a bank filed suit on a promissory note against the debtor and thirteen guarantors. The bank then dismissed the guarantors. *Id.* at 123. The debtor filed

---

[5]As we explain, *infra*, the trial court did not err when it failed to rule Time Warner's motion to intervene, as Time Warner was already in the case as a party at the time the motion to intervene was filed, rendering the motion superfluous.

7

a motion for enlargement of time to answer and a motion to dismiss. *Id.* Without ruling on these motions, the trial court entered a default judgment against the debtor, which the debtor moved to set aside. *Id.* The trial court denied the motion to set aside, and the debtor appealed. *Id.* Among other things, the debtor argued that the trial court should have ruled its pending motions for enlargement of time to answer and to dismiss. *Id.* The bank argued that "it should be deemed that the trial court overruled the [debtor's] motions by implication when it entered the default judgment." *Id.* at 126. We concluded that "pending motions must be disposed of expressly and cannot be treated as having been overruled sub silentio." *Id.*; *see also Cannon v. Nikles*, 151 S.W.2d 472, 475 (Mo. App. 1941) (holding that it is a procedural error for the trial court to enter a default judgment before disposing of a motion for change of venue even if the trial court did not have actual knowledge of such motion); *Carpenter v. Alton R. Co.*, 148 S.W.2d 68, 70 (Mo. App. 1941) (holding that a default judgment must be set aside when entered against a defendant whose pending motion for change of venue had not been ruled).

The holdings in *Traders Bank*, *Cannon*, and *Carpenter* are consistent with the fact that "[i]t is well settled that courts speak only through their records." *State ex rel. Nassau v. Kohn*, 731 S.W.2d 840, 843 (Mo. banc 1987). Rule 74.02 provides that "[e]very direction of a court made or entered *in writing* and not included in a judgment is an order." (Emphasis added.) And Rule 74.01(a) requires every judgment to be "a writing signed by the judge." Here, there is no "writing" in the form of either an order or a judgment reflecting the trial court's disposition of the motion to intervene. Nor does any other record reflect trial court action on the motion to intervene.

8

We recognize that there is authority for interpreting an ambiguous judgment to ascertain the trial court's intent by reference to the trial court's oral statements on the record. *See, e.g., Harvey v. Dir. of Revenue,* 371 S.W.3d 824, 827-28 (Mo. App. W.D. 2012); *Estate of Rogers v. Battista*, 125 S.W.3d 334, 341 (Mo. App. E.D. 2004). However, that authority has no application here. The Judgment is silent on the subject of Time Warner's motion to intervene, but it is not ambiguous. "[W]here the language of the judgment is plain and unambiguous, we do not look outside the four corners of the judgment for its interpretation." *Lombardo v. Lombardo*, 120 S.W.3d 232, 244 (Mo. App. W.D. 2003). Moreover, oral statements on the record are not a substitute for a written order or judgment. *Battista*, 125 S.W.3d at 341 (citing *Thornton v. Deaconess Med. Ctr.-West*, 929 S.W.2d 872, 873 (Mo. App. E.D. 1996) (holding that oral comments can be considered to explain or support a record entry "but they cannot be used as a substitute for or to dispute" a record entry (emphasis omitted)). Thus, although oral statements on the record can clarify an ambiguity in a judgment, they cannot supply a ruling on a pending motion about which the judgment is silent. In any event, Time Warner has not argued, nor could it argue, that the trial court's oral statements on the record reflect a ruling on the motion to intervene that was inadvertently omitted from the Judgment. The trial court's oral statements on the record reflect that the trial court did not intend to rule the motion to intervene unless it believed it necessary to do so.

The Judgment did not include a ruling on Time Warner's motion to intervene. We are not permitted to interpret the Judgment as having denied the motion to intervene *sub*

9

*silentio*. Time Warner is not aggrieved by the Judgment, and has no standing to appeal, insofar as the claim of error asserted in Time Warner's first point on appeal.

Time Warner has not alternatively asked this court for relief should we disagree with its contention that the Judgment "functionally denied" the motion to intervene. It is nonetheless appropriate to address this topic.

In *Traders Bank*, the default judgment entered by the trial court was deemed erroneous because the debtor's pending motions had not been ruled. 642 S.W.2d at 128. The case was remanded to set a hearing on the debtor's pending motions. *Id*. *Traders Bank* is distinguishable from Time Warner's circumstances. The debtor's pending motions in *Traders Bank* directly impacted whether the trial court's decision not to set aside the default judgment could be affirmed on appeal. *Traders Bank* observed that the trial court "under the same rules as would justify the rendering of a default judgment could have ruled adversely on defendant's [pending motions] and thus by orderly and legal procedure accomplish the same purpose that was accomplished erroneously." *Id.* at 125 (quoting *Cannon*, 151 S.W.2d at 475). Conversely, because a favorable ruling on the debtor's pending motions would have foreclosed the entry of a default judgment, the default judgment was necessarily set aside on appeal, and the cause remanded for consideration of the debtor's pending motions. *Id.* at 128.

That relief is not sought by Time Warner, and would not be appropriate even had it been. When Time Warner filed its motion to intervene as of right pursuant to Rule 52.12(a), Time Warner's third-party petition remained pending, and Time Warner was already a party to the action. As a result, Time Warner received electronic notice of the

10

motion to confirm.[6]  Time Warner's notice of its potential intervention, filed the day after it received electronic notice of the motion to confirm, alleged that Time Warner believed it had been improper from Howe and Heartland to participate in a "secret arbitration" while Time Warner *was a party to Howe's action*.

Rule 52.12(a) permits intervention as a matter of right "*in an action*."  (Emphasis added.)  One of the conditions which must be established to secure intervention as a matter of right is that the interests of the proposed intervenor are not "adequately represented *by existing parties*."  Rule 52.12(a)(2) (emphasis added).  Time Warner was an "existing party" in Howe's "action" when it filed a motion to intervene.  Because it was an existing party to the action, Time Warner appeared at the hearing on the motion to confirm, and argued against the motion to confirm, all while confirming to the trial court that it was still a party to the action in light of the third-party petition.  As a result, the motion to intervene was a perplexing legal nullity.  Regardless the ruling on the motion to intervene, had there been one, Time Warner's status as a party in the action would have been unaffected.[7]  Under these unusual circumstances, we would not have held, even had Time Warner asked us to, that the trial court's failure to rule on the motion to intervene before entering Judgment requires the Judgment's reversal and remand to consider the pending motion.  Stated another way, the trial court did not err by effectively ignoring Time Warner's superfluous

---

[6]This is confirmed by Case.Net, which reflects that notice of the motion to confirm was electronically served on all parties, including Time Warner and USIC.

[7]Though we cannot say for sure, we believe it possible this fact explains the trial court's on-the-record statement to the effect that it would rule on the motion to intervene only if it believed it necessary to do so.

11

motion to intervene as Time Warner was already in the case as a party when the motion was filed.[8]

Time Warner is not aggrieved by the Judgment, and does not have standing to appeal claiming error in the denial of its motion to intervene.

Point One is dismissed.

**b.      *Time Warner does not have standing to assert its second point on appeal because Time Warner is not aggrieved by the Judgment***

Time Warner's second point on appeal claims the trial court's Judgment erroneously granted Howe's motion to confirm. Pursuant to section 512.020, we do not have jurisdiction to determine this point on appeal because Time Warner is not aggrieved by, and has no standing to appeal, the Judgment.

"A party cannot assert trial court error for actions by which it was not aggrieved." *Charnisky v. Chrismer*, 185 S.W.3d 699, 702 (Mo. App. E.D. 2006). A party "is aggrieved when the judgment operates prejudicially and directly on his personal or property rights or interests and such effect is immediate and not merely a possible remote consequence." *Ameristar Jet Charter, Inc. v. Dodson Int'l Parts, Inc.*, 155 S.W.3d 50, 57 (Mo. banc 2005) (quoting *Shelter Mut. Ins. Co. v. Briggs*, 793 S.W.2d 862, 863 (Mo. banc 1990)). Thus,

---

[8]Had Time Warner not been a party to the action when it filed its motion to intervene and when the Judgment was entered, then the trial court's failure to rule on the motion to intervene might have affected the finality of the Judgment by failing to resolve all claims as to all **parties**. *See ConocoPhillips*, 493 S.W.3d at 402 (holding that an applicant who files a motion to intervene as a matter of right is a "party" to the final judgment even though the motion to intervene is overruled, and the applicant neither has nor is subject to a pending claim). We need not decide, however, whether a judgment, entered without ruling a pending motion to intervene filed by a non-party applicant, lacks finality because the judgment fails to resolve all claims as to all "parties." Time Warner was already a party to the action at all times relevant, and as a result, the trial court's failure to rule on the motion to intervene was immaterial to determining finality of the Judgment. As it happens, for reasons we discuss *infra*, the Judgment is not final for purposes of appeal, though for reasons unrelated to the trial court's failure to rule on Time Warner's motion to intervene.

12

"[a]n appellant may not challenge portions of a judgment that resolve issues solely between other parties and do not resolve the claims made by that appellant." *Charnisky*, 185 S.W.3d at 702. In other words, a party to an action "may be aggrieved as to some issues but not to others" addressed in a judgment. *In re Marriage of Allen*, 499 S.W.3d 735, 737 (Mo. App. S.D. 2016) (quoting *Harrell v. Mo. Dep't of Corr.*, 207 S.W.3d 690, 692 (Mo. App. W.D. 2006)).

The Judgment resolved Howe's claims against Heartland. The Judgment awarded no relief to or against Time Warner. Time Warner concedes it is not liable to Howe or to Heartland to pay the Judgment. Time Warner acknowledges that Howe and Heartland "were free to arbitrate any disputes between them (or for that matter, [to] have Heartland give . . . Howe a consent judgment)." [Appellant's Brief, p. 23] Time Warner nonetheless alleges that Howe and Heartland had no right to arbitrate in a manner that impaired Time Warner's rights. Time Warner alleges that Howe and Heartland may have agreed to limit recovery of the arbitrator's award from funds interpleaded in a federal district court action.[9] According to Time Warner, this alleged agreement (which is not documented in the arbitrator's award) has the potential to implicate Time Warner's interest in the interpleaded funds.

This alleged impact is remote at best and is an inadequate basis to confer standing on Time Warner to appeal the Judgment as an aggrieved party. The interpleaded funds are in the registry of a federal district court and remain subject to litigation in that court insofar

---

[9]*See supra* note 3.

as their authorized disbursement. Though the Judgment may (or may not) permit Howe a claim against the interpleaded funds, and though Time Warner may have an interest in the resolution of that question given its alleged interest in the interpleaded funds, the possibility of a future contest over entitlement to the interpleaded funds is remote and speculative.

The facts in *Stockman v. Safe-Skin, Corp.*, 36 S.W.3d 447 (Mo. App. E.D. 2001), are analogous. There, a decedent's estate sued several corporate defendants on a theory of products liability. *Id.* at 448. The corporate defendants alleged that the suit was barred by the statute of limitations. *Id.* The decedent's estate fired its lawyers and hired new lawyers, and then asserted a legal malpractice claim in the same action against the former lawyers. *Id.* The former lawyers participated in discovery to protect their own interests, and to assist in defending the decedent's estate against the statute of limitations defense. *Id.* Ultimately, the trial court granted the corporate defendants' motion for summary judgment based on the statute of limitations. *Id.* The trial court designated the summary judgment ruling final for purposes of appeal, and simultaneously dismissed the malpractice claims against the former lawyers without prejudice. *Id.* at 449. The former lawyers filed an appeal challenging the grant of summary judgment in favor of the corporate defendants. *Id.* Though the former lawyers plainly had an interest in the question of the running of the statute of limitations, particularly as the dismissed legal malpractice claim could be refiled, the Eastern District concluded that the former lawyers were not aggrieved by the judgment and had no standing to appeal. *Id.* at 449-50. The court concluded that "[t]he possibility that the judgment may adversely impact [the former lawyers] at some unspecified point in the future is insufficient to confer standing upon them in the present case." *Id.* at 449. The

14

court held that the former lawyers were "not directly or immediately prejudiced by" the judgment from which the appeal was taken. *Id.* at 450. Specifically, the court noted that the grant of summary judgment only disposed of the decedent's estate's claims against the corporate defendants, and did not direct the former lawyers "to pay any money damages nor did it determine that they were negligent in any manner." *Id.* As a result, the appeal was dismissed. *Id.*

A similar result was reached in *Charnisky*. A city sought to annex an unincorporated area and passed an ordinance to place the question on the ballot. 185 S.W.3d at 701. The city believed only one person, Mr. Gittemeier, lived in the unincorporated area. *Id.* On the day of the election, Mr. Kranzberg transferred his voter registration to an address within the unincorporated area. *Id.* Mr. Kranzberg voted against annexation, though he used the form of ballot meant for voters who resided in the city. *Id.* A different ballot was to be used by those who resided in the unincorporated area. *Id.* The election produced one vote against annexation from voters within the unincorporated area using the proper ballot (Mr. Gittemeier's vote), and no votes in favor of annexation from voters within the unincorporated area. *Id.* Mr. Charnisky, a registered voter in the city, challenged the election and alleged Mr. Gittemeier was not qualified to vote in the unincorporated area. *Id.* Mr. Kranzberg obtained leave to intervene and also filed an election contest. *Id.* He alleged his vote against annexation should have been counted as a vote from those who reside within the unincorporated area. *Id.* The trial court entered a judgment which found that Mr. Gittemeier was not entitled to vote in the unincorporated area, and which ordered a recount disregarding Mr. Gittemeier's ballot. *Id.* at 701-02. The judgment also found

15

that Mr. Kranzberg's failure to follow clear instructions, and to vote on the proper ballot, was not an irregularity requiring a new election. *Id.* at 702. Mr. Kranzberg appealed the judgment and challenged both of the trial court's findings. *Id.* The Eastern District of this Court concluded that Mr. Kranzberg "was logically and legally aggrieved only by that portion of the trial court's judgment that denied his claim to have his own ballot counted." *Id.* at 703. The court concluded that Mr. Kranzberg had "no standing on appeal to challenge that part of the trial court's judgment granting Mr. Charnisky relief on his own claims relating to Mr. Gittemeier's ballot." *Id.*

Similarly, Time Warner is not logically, legally, immediately, or directly aggrieved by the Judgment.[10] Time Warner has no standing to appeal the Judgment's confirmation of an arbitrator's award which resolved claims asserted by Howe against Heartland and as to which Time Warner has no legal responsibility.

Point Two is dismissed.

---

[10]It is no coincidence that many of the facts and circumstances that are relevant to determining that Time Warner is not aggrieved by the Judgment are the same facts and circumstances that would have been relevant, assuming Time Warner had been a non-party when it filed its motion to intervene, to determining whether Time Warner could establish that it "claims an interest relating to the property or transaction that is the subject of the action and [it] is so situated that the disposition of the action may as a practical matter impair or impede [its] ability to protect that interest." Rule 52.12(a).

Here, even if Time Warner had been a non-party when it filed its motion to intervene, and even if the motion to intervene had been denied, Time Warner would only have been aggrieved by the Judgment insofar as the Judgment incorporated the denial of the motion to intervene. *See ConocoPhillips*, 493 S.W.3d at 401. For the same reasons we discuss in this opinion, Time Warner would not have been aggrieved by the Judgment's grant of the motion to confirm the arbitrator's award unless denial of the motion to intervene was reversed on appeal. *See Charnisky*, 185 S.W.3d at 702 (holding that "[a]n appellant may not challenge portions of a judgment that resolve issues solely between other parties and do not resolve the claims made by that appellant"). That result would have been highly unlikely.

16

***The Judgment is not final for purposes of appeal***

Assuming a party is aggrieved and has standing to appeal, a party "may take his or her appeal . . . from any . . . [f]inal judgment." Section 512.020(5). "A final judgment necessarily incorporates all prior orders and judgments that adjudicated some--but fewer than all--of the claims and the rights and liabilities of all the parties." *ConocoPhillips*, 493 S.W.3d at 401. If a judgment disposes of fewer than all claims of all parties, the judgment is not final. *Dougherty v. Mo. Dep't of Soc. Servs.*, 585 S.W.3d 355, 359 (Mo. App. W.D. 2019) (quoting *Steelhead Townhomes, L.L.C. v. Clearwater 2008 Note Program, LLC*, 504 S.W.3d 804, 806 (Mo. App. W.D. 2016)); *see also* Rule 74.01(b). If a judgment is not final, section 512.020(5) cannot be relied on as the statutory basis to appeal. *Wilson v. City of St. Louis*, No. SC97544, 2020 WL 203137, at \*4 (Mo. banc Jan. 14, 2020).

Howe's petition named Heartland and Time Warner as defendants. Time Warner filed a third-party petition against USIC that presumably sought indemnity for any relief awarded Howe against Time Warner.[11] Howe resolved its claims against Time Warner by dismissing Time Warner with prejudice. Despite the assumed interdependent nature of Howe's claims against Time Warner and Time Warner's third-party claims against USIC, Howe's dismissal of Time Warner did not operate to automatically dismiss Time Warner's third-party petition. *See, e.g.*, Rule 67.05 ("No dismissal, voluntary or involuntary, of a plaintiff's civil action shall operate to dismiss a previously filed counterclaim or cross-claim."). After dismissing Time Warner, Howe resolved its claims against Heartland by

---

[11]Time Warner's third-party petition against USIC is not a part of the record on appeal. However, Rule 52.11(a) only authorizes a defending party to file a third-party petition against "a person not a party to the action who is or may be liable to the defending party for all or part of the plaintiff's claim against the defending party."

securing an arbitrator's award that it then sought to reduce to a judgment. At the time Howe's motion to confirm the arbitrator's award was filed, Time Warner was still a party to the action because the third-party petition against USIC remained pending. Time Warner relied on this fact as a basis to contest the arbitration in the notice advising of potential intervention filed the day after the motion to confirm was filed. During the hearing on the motion to confirm, Time Warner acknowledged that the third-party petition remained pending, and advised the court that it was "working on" dismissing USIC and its third-party petition. Time Warner has not yet dismissed USIC and the third-party petition.[12] As a result, the Judgment does not resolve all claims as to all parties, and it is not a final judgment from which an appeal can be taken pursuant to section 512.020(5). *See Whitehorn v. City of Poplar Bluff*, 208 S.W.3d 930, 931-32 (Mo. App. S.D. 2006) (dismissing an appeal from a judgment on a petition in replevin because the third-party petition in interpleader had not yet been disposed); *cf. Conrad v. Herndon*, 572 S.W.2d 216, 218-20 (Mo. App. 1978) (dismissing an appeal from an interlocutory judgment because, under the former Rule 81.06 [repealed effective January 1, 1988], a third-party petition and a cross-claim that likely arose out of the "same transactions, occurrences or subject matter" remained pending).

---

[12]Neither Time Warner nor Howe brought the continued pendency of Time Warner's third-party petition to this court's attention.

The lack of a final judgment supports dismissal of Time Warner's appeal independent of Time Warner's lack of standing to appeal. We have addressed both standing and finality as bases for dismissal of this appeal in the interests of judicial economy.[13]

**Conclusion**

The appeal is dismissed.

_____
Cynthia L. Martin, Judge

All concur

---

[13]Because the Judgment is not final for purposes of appeal, this action remains subject to the trial court's exercise of jurisdiction.