

# Missouri Court of Appeals
## Southern District
### Division Two

DONCO 3 CONSTRUCTION, LLC, )
)
    Plaintiff-Respondent, )
)
v. )    No. SD36897
)
CONWAY CONTRACTING, INC., )    **Filed: June 14, 2022**
)
    Defendant-Appellant, )
)
and )
)
DAVID JONES CONSTRUCTION, )
L.L.C. et al., )
)
    Defendant. )

APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY

Honorable John Beger

### APPEAL DISMISSED

Conway Contracting, Inc. ("Contractor") appeals a judgment that awarded

$38,672.48 to Donco 3 Construction, LLC ("Subcontractor") on its successful suit to enforce

a mechanic's lien. Because Contractor is not liable to pay any part of the judgment at issue,

Contractor is not an aggrieved party and thereby lacks the standing necessary to appeal the

judgment.

## Background

Contractor was the general contractor selected by Theta Xi Fraternity ("Fraternity") to build its "frat house" in Rolla. Contractor hired David Jones Construction, L.L.C. ("Jones") as a subcontractor or "construction broker." Jones performed little or no actual labor on the project. At the request of both Contractor and Jones, Subcontractor began performing work at the project in February 2018.

Subcontractor submitted its first pay request to Contractor and Jones in the amount of $32,679 ("Pay Application 1"). Thereafter, Contractor sent a check for $34,085.10 to Jones, but Jones did not pass any of that money on to Subcontractor.

Not having been paid for its work, Subcontractor filed a statement of mechanic's lien in the amount of $43,862.49[1] against Contractor and Jones. When the lien remained unsatisfied, Subcontractor filed the instant lawsuit against Contractor, Jones, Fraternity, Phelps County Bank ("Bank"), and J. Kent Robinson.[2]

Early in the litigation process, counsel for Fraternity tendered a check to the trial court in the amount of $53,000, drawn on Phelps County Bank, to be used to pay any mechanic's lien judgment that might be entered in the case. All parties agreed that "[t]he $53,000 payment shall be a dollar-for-dollar offset against any amount owed by [Contractor] on the mechanic lien."[3]

The case proceeded to trial before the court with Subcontractor as the plaintiff and Contractor and Jones as defendants. Jones was in default and did not appear at trial or present any evidence. Contractor asserted that Subcontractor had affirmatively waived its

---

[1] This number included the amount in Pay Application 1, plus additional unpaid items and services Subcontractor had provided on the project.

[2] Subcontractor sued Bank based upon its belief that Bank held a deed of trust on the property. J. Kent Robinson was the trustee named in the deed of trust.

[3] Based upon that agreement, the court dismissed Fraternity, Bank, and J. Kent Robinson from the case.

lien, but the trial court resolved that dispute in favor of Subcontractor. After the bench trial, the trial court entered judgment in favor of Subcontractor for $38,672.48, plus interest, against Contractor and Jones. In accordance with the parties' agreement, the judgment entered by the trial court included the following recitation:

> IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to the agreement of the parties, the sum of $38,672.48, plus interest on this amount at 9% per annum from August 27, 2020 until the date of payment, shall be paid out of the Court's registry to [Subcontractor] in order to satisfy the Judgment.[4] After receiving the funds, [Subcontractor] must file a Satisfaction of Judgment. All remaining amounts in the Court's registry shall be returned to [Bank].

**Analysis**

"The right to appeal is purely statutory, and where a statute provides no right to appeal, none exists." **Aldridge v. First Fin. Ins. Co.**, 828 S.W.2d 734, 735 (Mo. App. S.D. 1992). Before we can reach the merits of an appeal, we must determine whether we have the statutory authority to do so. **Meyers v. Johnson**, 182 S.W.3d 278, 280 (Mo. App. S.D. 2006). Section 512.020, grants a right to appeal from a final judgment to "[a]ny party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution[.]"

> Where a statute provides for an appeal, "[s]tanding is a threshold requirement. Without it, a court has no power to grant the relief requested." *In re Estate of Scott*, 913 S.W.2d 104, 105 (Mo.App. 1995).
>
> . . . .
>
> "Standing requires that a party have a personal stake arising from a threatened or actual injury." [*Schweich v. Nixon*, 408 S.W.3d 769, 774 (Mo. banc 2013)] (quoting [*State ex rel.*] *Williams*[ *v. Mauer*], 722 S.W.2d [296,] 298[ (Mo. banc 1986)]). "Courts have a duty to determine if a party has standing prior to addressing the substantive issues of the case." *CACH, LLC*

---

[4] The amount of the trial court's judgment includes a lien amount of $31,170.30, plus $6,418.11 in prejudgment interest, and $1,084.07 in court costs. Section 429.210. Unless otherwise noted, all statutory citations are to RSMo 2016.

*v. Askew*, 358 S.W.3d 58, 61 (Mo. banc 2012) (internal citation omitted). *In Interest of M.B.F.*, 528 S.W.3d 480, 483–84 (Mo.App. 2017).

*Wooldridge v. Hull*, 604 S.W.3d 364, 368 (Mo. App. S.D. 2020).

"[G]enerally, '[a] party is 'aggrieved' when the judgment operates prejudicially and directly on his personal or property rights or interest and such is an immediate and not merely a possible remote consequence.'" *Id.* at 368 (quoting *Stockman v. Safe-Skin, Corp.*, 36 S.W.3d 447, 449 (Mo. App. E.D. 2001)).

Here, when the parties agreed that Fraternity's $53,000 deposit with the trial court would be used as "a dollar-for-dollar offset against any amount owed by [Contractor] on the mechanic lien[,]" Contractor could not be aggrieved by any judgment that did not exceed that deposit. The amount of the judgment Contractor attempts to challenge is $38,672.48 -- an amount less than the $53,000 deposit.

Because Contractor has no obligation to pay the judgment, Contractor suffered no immediate harm and is thereby not an "aggrieved" party within the meaning of section 512.020, *see* *Howe v. Heartland Midwest, LLC*, 604 S.W.3d 774, 782 (Mo. App. W.D. 2020) (a party not liable to pay the judgment has no standing to appeal), and standing cannot be waived, *State ex rel. Mathewson v. Bd. of Election Comm'rs of St. Louis Cty.*, 841 S.W.2d 633, 634 (Mo. banc 1992).

The appeal is dismissed.

DON E. BURRELL, J. – OPINION AUTHOR

GARY W. LYNCH, J. – CONCURS

MICHAEL J. CORDONNIER, Special Judge – CONCURS

4